Affirmed and Memorandum Opinion filed February 11, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00120-CR

___________________

 

Gerald Jerod Durden, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 248th District Court

Harris County,
Texas



Trial Court Cause No. 905464

 



 

 

MEMORANDUM OPINION

Appellant Gerald Jerod Durden
challenges the trial court’s denial of his motion for post-conviction DNA
testing.  We affirm.

Background

Appellant was arrested and charged with aggravated
sexual assault of a child on July 23, 2001.  At that time, appellant was
married to Lakeysha Brooks and had fathered one child with her.  That child was
the complainant.  Brooks also had two children from a previous relationship
fathered by Dennis Wimbley.   

According to the State’s evidence, appellant was home
alone with Brooks’ three children on July 23, 2001.  Appellant called the
complainant into his room, removed her underwear, and touched her “private
part” with his hand and his “private part.”  Appellant also ejaculated on the
complainant.  Later that evening, the complainant told Wimbley that appellant
had sexually assaulted her.  Wimbley contacted the police, and appellant was
arrested.

After a jury trial, appellant was convicted of
aggravated sexual assault of a child and sentenced to confinement for 58
years.  This court affirmed appellant’s conviction in 2003.  Durden v. State,
No. 14-02-00818-CR, 2003 WL 22143293 (Tex. App.—Houston [14th Dist.] Sept. 18,
2003, pet. ref’d) (mem. op., not designated for publication).  Appellant filed
a pro se motion for post-conviction DNA testing of two hairs found on the
complainant’s underwear on July 2, 2008.  The trial court denied appellant’s
motion on grounds that DNA testing was performed on the hairs in 2002. 
Appellant appeals the trial court’s order denying his motion for
post-conviction DNA testing.[1]


Analysis

We review a trial court’s denial of a request for post-conviction DNA testing under a bifurcated standard.  See
Esparza v. State, 282 S.W.3d 913, 921 (Tex. Crim. App. 2009). We defer to a
trial court’s findings of fact when they are supported by the record.  Id.
 We also defer to a trial court’s application of law to fact questions that
turn on credibility and demeanor.  Id.  We review pure legal issues de
novo.  Id.  If the trial court’s decision is correct on any theory of
law applicable to the case, we will sustain the decision.  State v. Ross,
32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000) (en banc). 

Texas Code of Criminal Procedure article 64.01 governs
a convicted person’s request for post-conviction DNA testing:

(a) A convicted
person may submit to the convicting court a motion for forensic DNA testing of
evidence containing biological material. The motion must be accompanied by an
affidavit, sworn to by the convicted person, containing statements of fact in
support of the motion.

 

(b) The motion may request forensic DNA testing
only of evidence described by Subsection (a) that was secured in relation to
the offense that is the basis of the challenged conviction and was in the
possession of the state during the trial of the offense, but:

 

(1) was not previously subjected to DNA testing:

 

(A) because DNA testing was:

 

(i) not available; or

 

(ii) available, but not technologically capable of
providing probative results; or

 

(B) through no fault of the convicted person, for
reasons that are of a nature such that the interests of justice require DNA
testing; or

 

(2) although previously subjected to DNA testing,
can be subjected to testing with newer testing techniques that provide a
reasonable likelihood of results that are more accurate and probative than the
results of the previous test.

 

Tex. Code Crim. Proc. Ann. art.
64.01 (Vernon 2010).    

To be entitled to post-conviction DNA testing under
article 64.03, a convicted person must establish that (1) the evidence exists
in a condition making DNA testing possible; (2) the evidence has been subjected
to a sufficient chain of custody to establish its integrity; (3) identity was
or is an issue in the case; (4) he would not have been convicted if exculpatory
results had been obtained through DNA testing; and (5) the request for DNA
testing is not made to unreasonably delay the execution of his sentence or
interfere with the administration of justice.  Id. art. 64.03(a) (Vernon
2010); Dinkins v. State, 84 S.W.3d 639, 641-42 (Tex. Crim. App. 2002).  

As a threshold matter, the State argues that the
trial court did not err in denying appellant’s motion for post-conviction DNA testing
because appellant failed to prove that the hairs have not been tested previously. 
Tex. Code Crim. Proc. Ann. art. 64.01(b)(1).  According to the State, the trial
court’s determination that the hairs previously were subjected to DNA testing
in 2002 is supported by a pretrial order signed on April 3, 2002 granting
appellant’s motion “for an independent examination of certain evidence for the
purpose of [DNA] testing and comparisons.”  The order authorized Identigene to
conduct an independent examination of “the following evidence and samples
thereof in possession, custody or control of the State in connection with
[appellant’s case]: blood, hair, seminal fluid, saliva and skin.”  

To establish that the hairs were not previously
subjected to DNA testing, appellant attached two items to his motion for
post-conviction DNA testing: (1) the first page of Identigene’s Forensic Report
dated June 4, 2002 regarding the results of DNA testing on samples relating to
appellant’s case, which does not refer to testing any hairs; and (2) an Identigene
“Chain of Custody” form dated April 19, 2002 regarding samples relating to
appellant’s case, which does not refer to any hairs. 

After reviewing the record on appeal, we conclude
that no evidence supports the trial court’s finding that the hairs previously were
subjected to DNA testing.  The trial court’s April 3, 2002 order authorizes
independent DNA testing of the hairs; it does not establish that the hairs
actually were tested.  The Identigene report and form do not include the hairs
among the samples that were tested.    

We next determine whether appellant satisfied the remaining
requirements of Texas Code of Criminal Procedure article 64.03.  See id.
art. 64.03; see also Ross, 32 S.W.3d at 855-56 (if the trial
court’s decision is correct on any theory of law applicable to the case, we
will sustain the decision).  

To satisfy article 64.03, appellant must provide
affidavits containing statements of fact in support of his motion; he cannot
merely allege in his motion that the requirements have been met.  Tex. Code
Crim. Proc. Ann. art. 64.01(a); Dinkins, 84 S.W.3d at 642.  The State
argues that appellant failed to satisfy the multiple requirements of article
64.03.  Specifically, the State argues that appellant failed to satisfy his
burden regarding whether (1) the evidence still exists in a condition making
DNA testing possible; (2) the evidence has been subjected to a sufficient chain
of custody; and (3) appellant would not have been convicted if exculpatory
results had been obtained through DNA testing.[2]
 

A.        Does the Evidence Exist in a Condition
Making DNA Testing Possible?

            In his motion,
appellant asserts that the hairs still exist and currently are in the custody
of the Harris County Medical Examiner’s Office.  See Tex. Code Crim.
Proc. Ann. art. 64.03(a)(i).  In support of this statement, appellant attached
an “Evidence Records Affidavit” of Cynthia Young, a “property and/or evidence
records custodian” for the Harris County Medical Examiner’s Office, that was
signed on December 6, 2004.  The affidavit states that the Harris County
Medical Examiner’s Office is in custody of “hairs collected from [the complainant’s
underwear].”  

Young’s affidavit contains no statements regarding
the condition of the hairs and whether DNA testing of the hairs is possible. 
Further, Young’s affidavit shows at most that the Harris County Medical
Examiner’s Office was in possession of the hairs in 2004; it does not establish
that the Harris County Medical Examiner’s Office was in possession of the hairs
when the trial court denied appellant’s motion for post-conviction DNA testing or
that the hairs still exist.  

B.        Was the Evidence Subjected to a Sufficient
Chain of Custody? 

            Even if it is
assumed that Young’s 2004 affidavit established that the hairs still existed in
a condition making DNA testing possible in 2008, appellant’s proof still falls
short.  Appellant makes no assertions in his motion or affidavit regarding
whether the hairs have been subjected to a sufficient chain of custody and
offers no evidence regarding this issue.  Thus, appellant has failed to satisfy
his burden of proving that the hairs have been subjected to a sufficient chain
of custody.  See id. art. 64.03(a)(ii).

C.        Would
Appellant Have Been Convicted if Exculpatory Results Had Been Obtained Through
DNA Testing? 

 

            Appellant asserts
in his motion and affidavit that he would not have been convicted if
exculpatory results had been obtained through subjecting the hairs to DNA
testing.  See id. art. 64.03(a)(2)(A).  Appellant asserts that
“[e]xpert testimony at trial is that I was excluded as the source of the DNA
found in the semen found on the external genital swab . . . .  And
I’m confidant [sic] after DNA testing is performed on the two (2) hairs this
will only add to the already overwhelming evidence of my innocence.”  

             The inculpatory
evidence admitted at trial defeats appellant’s assertions.  The testimony at
trial established that appellant was home with the complainant and two other
children on the night of the sexual assault, and that appellant was alone with
the complainant in his room.  The complainant testified that appellant sexually
assaulted her.  Evidence at trial showed that the semen found on the complainant’s
underwear was consistent with appellant’s DNA type.  Therefore, even if DNA
testing of the hairs established that they belonged to a third party, appellant
has failed to prove by a preponderance of the evidence that he would not have
been convicted given the evidence presented at trial.  See id.; Prible
v. State, 245 S.W.3d 466, 470 & n.3 (Tex. Crim. App. 2008) (even if DNA
testing established the presence of another person’s DNA, defendant failed to
prove by a preponderance of the evidence that he would not have been convicted
given the evidence presented at trial); see also Prible v. State,
175 S.W.3d 724, 726-29 (Tex. Crim. App. 2005) (discussing the inculpatory
evidence from Prible’s trial, including evidence that he was present at the
victims’ home on the night of the murder, his semen was found in one victim’s
mouth, and he confessed to a fellow inmate); Hood v. State, 158 S.W.3d
480, 481-83 (Tex. Crim. App. 2005) (even if DNA testing showed presence of
another person at the crime scene, defendant failed to establish by a
preponderance of the evidence that he would have been acquitted on that basis
given that defendant’s bloody fingerprints were found at the scene and showed
his involvement in the crime; DNA evidence would at most establish that
defendant acted with someone else in committing the crime).         

Conclusion

Because appellant failed to satisfy his burden of
proving that (1) the hairs exist in a condition making DNA testing possible,
(2) the hairs were subjected to a sufficient chain of custody, and (3) he would
not have been convicted if exculpatory results had been obtained through
subjecting the hairs to DNA testing, the trial court did not err in denying
appellant’s motion for post-conviction DNA testing.  See Tex. Code Crim.
Proc. Ann. art. 64.03; Dinkins, 84 S.W.3d at 642.  

We overrule appellant’s sole issue and affirm the
trial court’s denial of appellant’s motion for post-conviction DNA testing.[3]

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

Panel consists of Justices
Frost, Boyce, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] We are unable to
determine the date that the trial court denied appellant’s motion for
post-conviction DNA testing.  The trial court denied appellant’s motion by
writing “Denied — Already done in 2002” on appellant’s motion.  The motion was
file stamped on July 2, 2008.       





[2] The State does not argue
that identity was not an issue in this case or that appellant’s motion for
post-conviction DNA testing is made to unreasonably delay the execution of his
sentence or interfere with the administration of justice.  





[3] The State also argued
that this appeal should be dismissed for lack of jurisdiction because the
original clerk’s record did not contain the trial court’s certification of
appellant’s right to appeal.  We asked the trial court to file a supplemental
clerk’s record containing a certification of appellant’s right to appeal in an
order signed April 2, 2009.  The trial court filed a certification of
appellant’s right to appeal on August 18, 2009 stating this case “is not a
plea-bargain case, and the defendant has the right of appeal.”